IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BENJAMIN A. NABB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| RYAN D. MCCARTHY, SECRETARY OF THE DEPARTMENT OF ARMY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES, plaintiff, Benjamin Nabb by and through his attorney Stephen T. Fieweger, P.C. and for his complaint against the defendant Ryan D. McCarthy, Secretary of the Army and for his complaint at law the Stephen T. Fieweger, P.C., and in support of his complaint hereby states as follows:

**Common Allegations**

1. That Benjamin A. Nabb is a resident of Bettendorf, Iowa and at all times material to this cause of action was employed by the Department of Army at its Army Contracting Command as a Contract Intern Specialist located at the Department of Army's Facilities at the Rock Island Arsenal.

2. That Defendant Ryan D. McCarthy is current Secretary of the Army and is a necessary party to this cause of action.

3. That this court has subject matter jurisdiction over this cause of action pursuant to 29 USC §1331 and pursuant to the Rehabilitation Act 29 USC §791 et. seq.

4. That Benjamin Nabb is a person with a disability in that he has been diagnosed with Autism Spectrum Disorder (high functioning) and Generalized Anxiety. Despite his disabilities he is able to perform his essential job functions as a Contract Specialist.

5. That Benjamin Nabb was employed as a Contract Specialist intern from May 30, 2017 until his termination on May 10, 2018 by his first line supervisor Mary Beth Watkins. Mary Beth Watkins became Ben's supervisor in January 2018.

6. That the defendant by its supervisory employee Mary Beth Watkins, discriminated against Benjamin on the basis of his disability in that she unilaterally modified his reasonable accommodations including not allowing him to take his laptop home for work related issues, she began to not task him with work, falsely accused him of failing to pay attention during lectures and closing his eyes, held him to higher standards than other non-disabled workers of mastering technical skills that similarly situated non-disabled interns were not required to meet. Ms. Watkins took away Ben's work assignments yet other interns and permanent contracting officers and contract specialists who were overdue on work completion deadlines did not suffer any adverse employment actions such as the taking away of work, discipline or termination. Ms. Watkins further warned other interns that they should watch their backs and not assist Ben Nabb in completing work.

7. That Watkins also discriminated against Ben in that she failed to have team leaders work with him on a regular basis, failed to have regularly scheduled meetings with team leaders with Ben as required under his reasonable accommodation plan and used the fact that Ben did not successfully pass online certification classes on his first attempt as grounds for his termination. Other non-disabled interns were not required to successfully pass online certification classes on their first attempt. By the time of his termination Ben had completed

online classes for both Level I and Level II training certification without any oversight by trainers or managers and this was a year in advance of the completion of training requirements of the job.

8. That as a direct result of the defendant agent and employee's discrimination on the basis of disability Ben has sustained damages equal to and is entitled to recover his back pay, is entitled to reinstatement to his position as Contract Specialist with promotions from GS-7 upward or in lieu thereof is entitled to front pay to age 67, he is entitled to recover his compensatory damages for emotional distress he sustained and is entitled to recover his attorney's fees and expert fees and the costs of this action.

9. That the Army has conducted an investigation into his formal complaint filed with the Equal Employment Opportunity office and on February 28, 2019 the Equal Employment Opportunity Office requested that the Director of the Army EEOC issue a final Army decision on his charge of discrimination. **Exhibit 1**, a true and correct copy of the letter from Mary Gale, Acting Director of the Equal Employment Opportunity Rock Island Garrison Command requesting the Final Army Decision is attached and made a part of this complaint. More than 180 days have passed since the request for the final Army decision and the Army has failed to issue a final decision. Benjamin has therefore exhausted his administrative remedies.

10. That an internal investigation was conducted by the Army into the events that had occurred in the Contract Specialist Internship program, and as a result Mary Beth Watkins and Patricia Allers received letters of concern regarding their conduct in managing interns in that program.

3

WHEREFORE, Benjamin Nabb hereby requests that this court enter judgment in his favor and against the defendant Ryan D. McCarthy as Secretary of the Army in an amount equal to back pay, equitable relief including reinstatement to his former position along with promotions or in lieu thereof front pay to age 67 and award for compensator damage and award for attorney's fees and expert fees and the costs of this action.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

                                            Benjamin A. Nabb, Plaintiff

                                            /s/Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone: 563.424.1982
Fax: 563.424.1983
Email: sfieweger@fiewegerlaw.com

FEB 28 2019



**DEPARTMENT OF THE ARMY**
INSTALLATION MANAGEMENT COMMAND
US ARMY GARRISON-ROCK ISLAND ARSENAL
1 ROCK ISLAND ARSENAL
ROCK ISLAND, ILLINOIS 61299-5000

REPLY TO
ATTENTION OF:

IMRI-EE                                                                                       26 February 2018

MEMORANDUM FOR Director, EEOCCR (SAMR-EO-CCR), 5825 21st St, Building 214, Rm 129, Fort Belvoir, VA 22060-5921

SUBJECT: Request for Final Army Decision in the Equal Employment Opportunity (EEO) Complaint of Benjamin Nabb v. Mark T. Esper, Secretary of the Army, DA Docket Number: ARRIA18MAY01746

1. Reference 29 Code of Federal Regulation (CFR), Part 1614.110, Equal Employment Opportunity Commission's Federal Sector Complaints Procedure.

2. This office request that you issue a Final Army Decision in the above referenced EEO Complaint. The Options letter was issued on 8 January 2019 and received by the complainant's representative on 9 January 2019. The complainant and his representative have failed to request a hearing.

3. We have enclosed two CD's: ROI/Transcript and the Case File. The case file has been bookmarked and bates numbered as required.

4. Point of Contact is Mary Gale. You may contact her at (309) 782-5591, via e-mail at mary.m.gale.civ@mail.mil or by writing to the Department of the Army, (IMRI-EE), 1 Rock Island Arsenal, Rock Island, IL 61299 if you have any questions or concerns.

*Mary Gale*
Mary Gale
Acting Director
Equal Employment Opportunity

CF:
Karen Barrows – Agency Representative (w/encl)
Benjamin Nabb – Complainant (w/o encl)
Stephen Fieweger – Complainant's Attorney (w/o encl)

EXHIBIT
1